UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katherine Vallera, | |
| Plaintiff, | No. 1:24-CV-04378 |
| v. | Judge Edmond E. Chang |
| Rush Oak Park Hospital, Inc., St. Anthony Hospital, Adam Spurlock, DNP, Jacob Moore, MD, Lyudmila Piasecki, RN, Majed Dalloul, MD, Tiffany L. Dean, LSW, Dr. Bikram Sharma, Ankitaben Han, MD, Meredith Castaneda, RN, Ralph Menezes, MD, and John Does 1-100 | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Katherine Vallera alleges that, when she was involuntarily confined in a mental-health treatment facility in 2022, she was sexually assaulted. R. 12, First Am. Compl.[1] She argues that two sets of defendants are responsible: (1) Rush Oak Park Hospital, where she was originally held, and several of its employees; and (2) St. Anthony Hospital, where she was later transferred, and several of that hospital's employees. The Defendants[2] now move to dismiss at least parts of Vallera's operative

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. Because this action was brought under the ADA, this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

[2]The Plaintiff reported that Dr. Ralph Menezes was served on December 12, 2024, R. 39, 12/12/2024 Status Report, but he has yet to file an appearance in this case. On review of the docket, it does not appear (though the Court might be missing it) that Vallera filed

complaint, asserting that Vallera's pleadings suffer from procedural deficiencies and that she fails to state a claim for relief as to several counts. R. 36, St. Anthony's Defs.' Mot.; R. 43, Rush Oak Park Defs.' Mot. The motion is granted because Vallera did not seek viable relief under Title III of the Americans with Disabilities Act. But the dismissal is without prejudice, so she can submit an amended complaint.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Vallera, a woman who suffers from ADHD and anxiety, checked into Rush Oak Park Hospital on May 26, 2022, for a sleep study. First Am. Compl. ¶¶ 18–19. Vallera experienced anxiety the next morning, so she was admitted to the emergency room and discharged soon after. *Id.* ¶¶ 20–21, 23. She wandered off, however, so she was re-admitted to the emergency room, where she may have sustained a head injury. *Id.* ¶¶ 23–27. Staff at Rush Oak Park again sought to discharge her, asking Oak Park Police to escort her out, but when that seemed to fail, the staff administered a long-acting sedative against Vallera's will. *Id.* ¶¶ 29–34. Rush Oak Park informed Vallera's father on May 28 that they intended to transfer her to St. Anthony Hospital. *Id.* ¶ 38. Staff were evasive about whether the transfer was voluntary, and they

---

proof of service. If she wishes to continue to pursue Menezes, then the proof of service must be filed by October 10, 2025.

completed a petition for involuntary admission that they never properly submitted to a court of law. *Id.* ¶¶ 40–43.

Now at St. Anthony, Vallera refused to consent to her commitment, and staff at St. Anthony recorded incorrect and inconsistent information about her medication, diagnoses, physical condition, and mental state. First Am. Compl. ¶¶ 45–62. The evening of May 28, Vallera was restrained to a board and sexually assaulted by two different male staff at St. Anthony. *Id.* ¶¶ 63–67. Over the next few days, Vallera requested a rape kit on several occasions, but each time the staff instead sedated her. *Id.* ¶¶ 71–80. Vallera sought help from people outside of the hospital, but staff prevented her from doing so, sedated her twice more, and accused her of delusions. *Id.* ¶¶ 82–92. Vallera eventually informed a social worker of her experiences, and after several hours of discussion between staff and Chicago Police, Vallera was able to leave. *Id.* ¶¶ 93–98.

Vallera now brings suit against both hospitals and several staff members at each institution. She alleges that the Defendants discriminated against her on the basis of her disabilities in violation of Title III of the ADA, and she asserts several state law claims relating to her involuntary confinement and sexual assaults. First Am. Compl. ¶¶ 101–55.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).³ The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

The Defendants begin by arguing that Vallera's complaint fails in its entirety because it does not comply with Rule 10(b) of the Federal Rules of Civil Procedure. R. 36-1, St. Anthony Defs.' Br. at 3–5; Rush Oak Park Defs.' Mot. at 3–5. Not so. As the Defendants note, Rule 10(b) has the "primary purpose" of "giv[ing] defendants

---

³This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Although the Defendants assert that Vallera's complaint is unintelligible, she lays out a clear timeline and precisely states which events occurred at which hospital. *E.g.*, First Am. Compl. ¶¶ 18–44 (Rush allegations); *id.* ¶¶ 18, 45–100 (St. Anthony allegations). So the Defendants' argument elevates form over function: requiring Vallera to separate her nine counts into twice as many would not add clarity and instead would expand an already-long complaint. Vallera's complaint contains enough specific information that each Defendant knows which events occurred at its facilities. And to the extent that Rush Oak Park is concerned that Vallera seeks to hold it liable for events at St. Anthony, *see* R. 61, Rush Oak Park Defs.' Reply at 2, that is an issue of causation and foreseeability that it may contest later on the merits, *e.g.*, *Kemper v. Deutsche Bank AG*, 911 F.3d 383, 389–92 (7th Cir. 2018), not at the pleading stage.

Next, the Defendants argue, and Vallera concedes, that Title III of the ADA does not permit an award of monetary damages. St. Anthony Defs.' Br. at 8–10; Rush Oak Park Defs.' Mot. at 5–6; R. 58, Pl.'s Resp. at 2. That is right: under Title III, Vallera may seek only injunctive relief, *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013), and attorneys' fees, *Lange v. City of Oconto*, 28 F.4th 825, 849 (7th Cir. 2022). Vallera attempts to argue that she has alleged sufficient facts to support a theory for injunctive relief, Pl.'s Resp. at 5, but also admits "that the specificity of the injunctive relief she seeks is lacking," *id.* at 2. The Court agrees that Vallera's operative complaint, which does not request injunctive relief at all, *see* First Am.

5

Compl. at 20, fails to allege "a sufficient likelihood that [s]he will again be wronged in a similar way," *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Vallera requests an opportunity to amend her complaint to cure any problem with her Title III claim, and she seeks to add a claim under Title II of the ADA. Pl.'s Resp. at 2, 5–7. The Defendants contend that the proposed amendments would be futile and ask for dismissal with prejudice. Rush Oak Park Defs.' Reply at 3–7; R. 62, St. Anthony Defs.' Reply at 4–10. But when a court dismisses a complaint under Rule 12(b)(6), a plaintiff ordinarily should be given at least one opportunity to amend. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). It is true that Vallera has amended the complaint once before, R. 12, but that was very early in the case (three months in) and not in reaction to any dismissal motion or substantive decision. And the Defendants' arguments about futility are best litigated through renewed motions to dismiss, if any. That way, the Court can best review an actual, operative complaint that explains the bases for injunctive relief under Title III and purported liability generally under Title II, as well as a full set of briefing on those issues. *See id.* at 519–20 (emphasizing that conclusion of futility appropriate only when "certain"); *see also Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears …." (quoting 5A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990))).

6

In addition to the importance of a full presentation via an operative amended complaint, amendment is the best path forward for another reason: Vallera's only federal claim is her currently defective claim under Title III. The Court thus does not address the substance of her state law claims (at least not yet), for which there is currently only supplemental jurisdiction. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." (cleaned up)). If Vallera files a second amended complaint, and the Defendants move again to dismiss, and if the federal claims survive, then the Court will address the state law claims at that point. If Vallera amends her complaint but the federal claims do not survive, then the Court likely will relinquish jurisdiction over the state law claims. So it is best to tee all this up via an amendment.

## IV. Conclusion

The Defendants' motions to dismiss, R. 36; R. 43, are granted to the extent that Vallera's first amended complaint, R. 12, is dismissed without prejudice. Vallera may file a second amended complaint by October 6, 2025. If no second amended complaint is filed, then the dismissal of the federal claims will automatically convert to a dismissal with prejudice (and jurisdiction over the state law claims will be relinquished).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 25, 2025